# UNITED DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

ROBERT G. CLARK,          )
                                     )
            Plaintiff,       )
                                     )
vs.                                )     Case No. 4:06CV00984 ERW
                                     )
MICHAEL J. ASTRUE,       )
Commissioner of Social Security,    )
                                     )
           Defendant.     )

## MEMORANDUM AND ORDER

This matter is before this Court upon the Report and Recommendation of United States Magistrate Judge Audrey G. Fleissig [doc. #19] pursuant to 28 U.S.C. § 636(b). Plaintiff in this case seeks judicial review of the decision of the Commissioner of Social Security which denied Plaintiff's application for disability insurance benefits filed under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. The Magistrate Judge recommended that the decision of the Commissioner be affirmed, and the Court notes that Petitioner has filed a timely Objection to the Magistrate's Recommendation [doc. #20].

## A.     STANDARD OF REVIEW

"[W]hen a party objects to the report and recommendation of a magistrate judge concerning a dispositive matter, '[a] judge of the court shall make a de novo review determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *U.S. v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (*quoting* 28 U.S.C. § 636(b)(1)). Therefore, the Court will conduct a de novo review of those portions of the Report

to which Plaintiff has objected. For the reasons set forth below, this Court concludes that the decision of the Commissioner should be reversed and remanded for further consideration.

**B.     THE DETERMINATION OF DISABILITY**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1)(a). The claimant has the burden of proving a disabling impairment. *See Ingram v. Chater*, 107 F.3d 598, 601 (8th Cir. 1997).

The SSA Commissioner has established a five-step process for determining whether a person is disabled. *See* 20 C.F.R. §§ 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); *Fines v. Apfel*, 149 F.3d 893, 894-895 (8th Cir. 1998). First, it is determined whether the claimant is currently engaged in "substantial gainful activity," and if the claimant is so engaged, disability benefits must be denied. *See* 20 C.F.R. § 404.1520. Step two requires a determination of whether the claimant suffers from a medically severe impairment or combination of impairments. *See* 20 C.F.R § 404.1520(a)(4)(ii). To qualify as severe, the impairment must significantly limit the claimant's mental or physical ability to do "basic work activities." *See* 20 C.F.R § 404.1520(c). Age, education and work experience of a claimant are not considered in making the "severity" determination in step two. *See id.*

If the impairment is severe, the next issue is whether the impairment is equivalent to one of the listed impairments that the Commissioner accepts as sufficiently severe to preclude substantial gainful employment. *See* 20 C.F.R. § 404.1520(d); 20 C.F.R. pt. 404, subpt. P, app. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

to be impaired. *See* 20 C.F.R. § 404.1520(d). If it does not, however, the evaluation proceeds to the next step which inquires into whether the impairment prevents the claimant from performing their past work. *See* 20 C.F.R. § 404.1520(e). If the claimant is able to perform the previous work, in consideration of the claimant's residual functional capacity (RFC) and the physical and mental demands of the past work, the claimant is not disabled. *See id.* If the claimant cannot perform their previous work, the final step involves a determination of whether the claimant is able to perform other work in the national economy taking into consideration the claimant's residual functional capacity, age, education and work experience. *See* 20 C.F.R. § 404.1520(f). The claimant is entitled to disability benefits only if they are unable to perform any other work. *See id.* Throughout this process, the burden remains upon the claimant until they have adequately demonstrated an inability to perform previous work, at which time the burden shifts to the Commissioner to demonstrate the claimant's ability to perform other work. *See Beckley v. Apfel*, 152 F.3d 1056, 1059 (8th Cir. 1998).

The Commissioner has supplemented this five-step process for the evaluation of claimants with mental impairments. *See* 20 C.F.R. § 404.1520a(a). A special procedure must be followed at each level of administrative review. *See id.* Previously, a standard document entitled "Psychiatric Review Technique Form" (PRTF), which documented application of this special procedure, had to be completed at each level and a copy had to be attached to the Administrative Law Judge's (ALJ) decision, although this is no longer required. *See* 20 C.F.R. §§ 404.1520a(d), (d)(2), (e); 65 Fed. Reg. 50746, 50758. Documentation of the ALJ's use of these special procedures is required through incorporation of "pertinent findings and conclusions based on the technique." *See* 20 C.F.R. § 404.1520a(e).

The evaluation process for mental impairments is set forth in 20 C.F.R. § 404.1520a. The first step requires the Commissioner to document the "symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s)" *See* 20 C.F.R. § 404.1520a(b)(1). If it is determined that a mental impairment exists, the Commissioner must then rate the degree of functional loss resulting from the impairments in four areas deemed essential to work: activities of daily living, social functioning, concentration, and persistence or pace. 20 C.F.R. §§ 404.1520a (b)(2), (c)(3). Functional loss is rated on a scale that ranges from no limitation to a level of severity which is incompatible with the ability to perform work-related activities. 20 C.F.R. § 404.1520a(c)(4).

Next, the Commissioner must determine the severity of the impairment based on those ratings. *See* 20 C.F.R. § 404.1520a(d). If the impairment is severe, the Commissioner must determine if it meets or equals a listed mental disorder. *See* 20 C.F.R. § 404.1520a(d)(2). If there is a severe impairment but the impairment does not meet or equal the listings, then the Commissioner must prepare a residual functional capacity assessment. *See* 20 C.F.R. § 404.1520a(d)(3).

## C.    ALJ ERRED IN FAILING TO CONSIDER COMBINATION OF IMPAIRMENTS

Plaintiff argues, and this Court agrees, that the ALJ committed reversible error in failing to consider Plaintiff's mental and physical impairments in combination. Plaintiff claimed a disability onset date of May 30, 2003, due to right shoulder, right knee, and left elbow injuries; arthritis; and depression. Following an evidentiary hearing, the ALJ determined that Plaintiff's depression was not severe, and that Plaintiff's RFC did not preclude him from performing substantial gainful

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

activity. The ALJ neither made any specific findings regarding the combination of the Plaintiff's impairments, nor indicated any consideration of the impairments in combination.

In step two of the analysis of whether a disability is present, a determination must be made of whether the claimant suffers from a medically severe impairment or combination of impairments. *See* 20 C.F.R. § 404.1520(a)(4)(ii). A plaintiff's impairments must be considered in combination "without regard to whether any such impairment, if considered separately, would be of such severity." 42 U.S.C. § 423(d)(2)(B); *see also* 20 C.F.R. § 404.1523. When assessing a plaintiff's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe."" Social Security Ruling 96-8p Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, 5 (July 2, 1996). The consideration of all of a plaintiff's impairments may be significant in determining the outcome of a claim. *Id.* When considered in combination, "the limitations due to such a "not severe" impairment may prevent an individual from performing past relevant work or may narrow the range of other work that the individual may still be able to do." *Id.*

"[A] more elaborate articulation of the ALJ's thought processes" is not required where the ALJ discusses and considers each of a claimant's multiple impairments, and concludes that they are not disabling in combination. *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992). Here, however, unlike in *Browning*, the ALJ nowhere states, even summarily, that he considered Plaintiff's impairments in combination at any step of the evaluation process. The ALJ's determination that Plaintiff's depression was not severe did not relieve the ALJ from the obligation to consider all of Plaintiff's impairments in combination when assessing Plaintiff's RFC. *Cunningham v. Apfel*, 222 F.3d 496, 501 (8th Cir. 2000); *Delrosa v. Sullivan*, 922 F.2d 480, 484

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

(8th Cir. 1991).  The Social Security Act requires the consideration of "the combined effect of all impairments" without regard to their individual severity.  *Id.*

Rather than speculate as to what the ALJ would find at the relevant steps of the evaluation process if the combined effect of all of Plaintiff's severe and non-severe impairments were considered, the Court believes that the better course of action is to remand the case for the ALJ to make that those determinations in the first instance.  The Magistrate Judge's analysis of the case is adopted by this Court in all other regards.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **REVERSED** under sentence four of 42 U.S.C. § 405(g), and the case is **REMANDED** for further consideration consistent with this Memorandum and Order.

A separate Judgement shall accompany this Memorandum and Order.

Dated on this <u>11th</u> day of September, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com